UNITED STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES ANDERSON, et al., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 16-56-M-PAS |
| ) | |
| DANIEL DUNLEA, et al, ) | |
|     Defendants. ) | |

ORDER

The Defendants raise the issue of this Court's personal jurisdiction over them. (ECF No. 12). The parties concede there is no specific jurisdiction (the collision that is the subject matter of this complaint occurred in Maine, and none of the parties are from Rhode Island) but Plaintiff asserts general jurisdiction.

Defendant Daniel Dunlea's Rhode Island contacts consist of three or four random trips he made to Rhode Island years before this incident occurred. Defendant V-J Enterprises, Inc. has never solicited business in Rhode Island and only 1% of its road miles have been in Rhode Island. And, Defendant Columbia Intermodal's contacts with any Rhode Island customers were all made in Massachusetts.

A review of the pleadings and submissions by the parties concerning jurisdiction unequivocally establish that there are simply not enough "continuous and systematic" affiliations with the state of Rhode Island by any of the Defendants, constitutionally to require that they defend themselves in this state. *Goodyear*

*Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2816, 2851 (2011). This Court therefore lacks personal jurisdiction over each of the Defendants.

The Court will transfer the case to the United States District Court for the District of Maine. According to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought." Courts have interpreted this provision as permitting transfer in cases where the transferring court lacks personal jurisdiction over the defendant, as long as such transfer is in the interests of justice. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962); *see also Cioffi v. Gilbert Enterprises, Inc.*, 971 F. Supp. 2d 129, 138-39 (D. Mass. 2012).

Defendants' Motion to Dismiss (ECF No. 12) is GRANTED in so far as this matter is transferred to the U.S. District Court for the District of Maine pursuant to 28 U.S.C. §1406.

SO ORDERED,

_____
John J. McConnell, Jr.
United State District Court Judge

April 21, 2016